**In re RAM MANUFACTURING, INC., Debtor.**

**PROYECTOS ELECTRONICOS, S.A., Plaintiff,**

v.

**Samuel ALPER, Trustee for Ram Manufacturing, Inc., Defendant.**

**Bankruptcy No. 83–00101G.
Adv. No. 83–0769G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 24, 1983.

*Miller,* 702 F.2d at 899; *In re Southern Electronics Co., Inc.,* 23 B.R. 348, 363 (Bkrtcy.E.D. Tenn.1982).

Kenneth F. Carobus, Philadelphia, Pa., for plaintiff, Proyectos Electronicos, S.A.

Donald M. Collins, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant, Samuel Alper, Trustee for Ram Mfg., Inc.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

■ The issue at bench is whether a sale of goods, wherein the debtor-seller retains possession of said goods until the time the interim trustee in bankruptcy assumes control of the debtor's estate, constitutes a "fraudulent retention of possession" by the debtor-seller so as to subject the goods in question to the claims of the debtor-seller's creditors. We conclude that the goods in question were sufficiently marked and set aside in such a manner as to negate any misleading of a purchaser or creditor and that, therefore, the retention by the debtor-seller did not constitute a legal fraud as to its creditors.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of

The facts of the instant case are as follows:[1] On January 7, 1983, Ram Manufacturing, Inc. ("the debtor"), filed a petition under chapter 11 of the Bankruptcy Code ("the Code"). Prior thereto, Proyectos Electronicos, S.A. ("Proyectos") purchased certain electronic equipment from the debtor and the debtor was paid in full for that equipment. The equipment in question was segregated from the rest of the debtor's inventory and packaged for shipment to Proyectos in the early part of 1982. In May of 1982, the debtor requested shipping instructions from Proyectos but shipment at that time was not possible because Proyectos did not have the necessary import license from the Republic of Mexico. Six months later, on November 30, 1982, Proyectos sent shipping instructions to the debtor. However, the debtor failed to ship the equipment to Proyectos and operations by the debtor ceased without any delivery of the goods in question to Proyectos. The equipment is presently contained in thirteen crates which are situated on the loading dock of the debtor's place of business. On March 23, 1983, Proyectos filed a complaint for relief from the automatic stay provisions of section 362(a) of the Code wherein it requests that the stay be modified in order to permit it to acquire the equipment it paid the debtor for which is now in the possession of the trustee.

Section 2402 of the Pennsylvania Commercial Code provides:

§ 2402. RIGHTS OF CREDITORS OF SELLER AGAINST SOLD GOODS

(a) Priority of buyer over unsecured creditors.—Except as provided in subsections (b) and (c), rights of unsecured creditors of the seller with respect to goods which have been identified to a contract for sale are subject to the rights of the buyer to recover the goods under this division (section 2502 (relating to right of buyer to goods on insolvency of seller) and section 2716 (relating to right of buyer to specific performance or replevin)).

the Rules of Bankruptcy Procedure.

(b) Right to void sale upon fraudulent retention of goods.—A creditor of the seller may treat a sale or an identification of goods to a contract for sale as void if as against him a retention of possession by the seller is fraudulent under any rule of law of the state where the goods are situated, except that retention of possession in good faith and current course of trade by a merchant-seller for a commercially reasonable time after a sale or identification is not fraudulent.

13 Pa.Cons.Stat.Ann. § 2402 (Purdon Pamphlet 1983).

In the case of *In re Kellett Aircraft Corp.*, 173 F.2d 689 (3d Cir.1949), the Court of Appeals for the Third Circuit set forth the law on fraudulent retention of goods as laid down by the Supreme Court of Pennsylvania:

[It] has uniformly been held in this state that there must be an actual or constructive delivery of property sold to protect against attaching or levying creditors of the seller, *and, if nothing be shown which indicates an adequate change of possession,* the transfer will constitute, as to them, a legal fraud (emphasis added).

173 F.2d at 694 quoting *Shipler v. New Castle Paper Products Corp.*, 293 Pa. 412, 420, 143 A. 182, 185 (1928). *See also In re Hardwick & Magee Co.*, 11 U.C.C.Rep.Serv. (Callaghan) 1172 (Bankr.E.D.Pa.1972).

■ Unlike the situation in *Kellett* and *Shipler,* supra, the goods at issue in the instant case were ear-marked, in some manner, as Proyectos' property. First, the trustee has admitted that the subject equipment was segregated from the debtor's inventory and packaged for shipment to Proyectos and that said equipment is presently contained in thirteen crates located on the loading dock of the debtor's place of business. In addition, while Proyectos' name did not appear on any of the thirteen boxes, the trustee has agreed that nine or ten of the boxes were marked with Proyectos' sales order number. Finally, it is undisputed that the purchase order requisitioning the equipment in question was placed

on top of the thirteen crates. We conclude that aforementioned undisputed facts constitute an "adequate change of possession" as enunciated by the Supreme Court of Pennsylvania in *Shipler, supra.* Therefore, we will modify the stay to permit Proyectos to acquire the equipment for which it paid the debtor.