PROYECTOS ELECTRONICOS, S.A.

v.

Samuel ALPER, Trustee for Ram
Manufacturing, Inc.

Civ. A. No. 83–3794.

United States District Court,
E.D. Pennsylvania.

Dec. 19, 1983.

Kenneth F. Carobus, Philadelphia, Pa.,
for plaintiff.

Donald M. Collins, Philadelphia, Pa., for
defendant.

**932**

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is an appeal by a trustee in bankruptcy. The trustee is appealing an order of the bankruptcy court which modified an automatic stay [1] and required the trustee to turn over certain goods in trustee's possession to the buyer of the goods. The facts, as set forth by the bankruptcy court, are undisputed.

### I. FACTS

In January 1982, Proyectos Electronicos, S.A. ("Proyectos") ordered certain electronics equipment from Ram Manufacturing, Inc. ("debtor"). The purchase price was paid in full and the equipment was packaged in thirteen crates. The crates were segregated from the rest of debtor's inventory and placed on debtor's loading dock. Nine or ten of the crates were marked with Proyectos' sales order number and the order requisitioning the equipment was placed on top of the thirteen crates. In May 1982, the debtor requested from Proyectos shipping instructions for the equipment. Unable at that time to get an import license from Mexico for the equipment, Proyectos did not send any instructions until November 30, 1982. After receiving these instructions, however, debtor failed to ship the equipment. On January 7, 1983, debtor filed a petition under Chapter Eleven of the Bankruptcy Code. Proyectos' equipment remained undelivered and packaged in the thirteen crates located on debtor's loading dock.[2]

On March 23, 1983, Proyectos filed a complaint in the bankruptcy court for relief from the automatic stay provision of the Bankruptcy Code which had prevented Proyectos from gaining possession of the equipment. In an order dated June 24, 1983, the bankruptcy court ordered the trustee in bankruptcy to turn over the equipment to Proyectos. In so doing the court held that the retention of the equipment by the debtor did not constitute a legal fraud as to the creditors of the debtor.[3] Although this court agrees with the bankruptcy court's decision that the equipment should be turned over to Proyectos, there is a need for a more detailed analysis than the one set forth by the bankruptcy court.

### II. DISCUSSION

The filing of a bankruptcy petition operates as a stay of certain activities that would otherwise be appropriate and routinely contemplated. Included among the activities stayed is any act to obtain possession of property of the estate or of property from the estate.[4] This includes any property over which the estate has control or possession.[5] However, with respect to a stay of an act against property, a party in interest may request the bankruptcy court to terminate, annul, modify or condition such stay, if

A) the debtor does not have any equity in such property; and

B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2) (1976).

The bankruptcy court's decision did not address the issues of whether the automatic stay applied to the equipment in debtor's possession and whether Proyectos was entitled to relief from the stay. This court finds that the automatic stay did apply to the equipment in debtor's possession

---

1. Under the Bankruptcy Code, an automatic stay of certain activities occurs upon filing of the bankruptcy petition. 11 U.S.C. § 362(a) (1976 & Supp.1982).

2. During the period between the request for and receipt of the shipping instructions, debtor used some of the equipment for other purposes. However, the items used were replaced by identical items prior to the filing of the bankruptcy petition.

3. *Proyectos Electronicos, S.A. v. Alper (In re: Ram Manufacturing, Inc.),* 30 B.R. 788 (Bkrtcy. E.D.Pa.1983).

4. 11 U.S.C. § 362(a)(3) (1976 & Supp.1982).

5. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin. News, p. 5787.

but that Proyectos is entitled to relief from the stay under section 362(d)(2) because, based on the undisputed facts, the debtor has no interest in the equipment and by the very nature of the property its continued possession in the estate is not necessary to an effective reorganization.

■ Having determined that Proyectos is entitled to relief from the stay, it is necessary to determine what type of relief is required. Proyectos asserts that it is entitled to have specific performance of the contract under Pennsylvania's Commercial Code. *See* 13 Pa.C.S.A. § 2716(a) (Pamphlet 1983). The court agrees.

Under section 2716(a) of the Pennsylvania Commercial Code, a buyer is entitled to specific performance if the goods are unique or in other proper circumstances. There being no evidence or claim that the electronics equipment is unique, Proyectos is entitled to specific performance only if the present situation is within the meaning of the phrase "other proper circumstances." The court determines that such is the case.

The equipment, as admitted by the trustee, has been contracted for and paid for in full. In a non-bankruptcy context, failure of a seller to deliver goods under similar circumstances would enable a buyer to buy replacement goods, i.e., cover, and recover the difference between the cost of cover and the price of the original contract as well as any money paid to the defaulting seller. *See* 13 Pa.C.S.A. §§ 2711, 2712 (Pamphlet 1983). In this case Proyectos has already paid the debtor the full price for the goods. To require Proyectos to cover would require it to pay for identical goods a second time and then stand in line with other unsecured creditors of the debtor,

now bankrupt, with the illusory hope that it would get reimbursed for the difference between the cost of cover and the original contract price, plus the money already paid to debtor. Such a result would not be in keeping with the purpose of the Commercial Code to make a non-breaching party whole.[6] Accordingly, subject to the possibility that the trustee can defeat specific performance as discussed below, Proyectos is entitled to recover the equipment.[7]

■ Even though a buyer may be entitled to specific performance, section 2402(b) of the Pennsylvania Commercial Code [8] permits a creditor of a seller to treat a sale or an identification of goods to a contract for sale as void if as against him a retention of possession by the seller is fraudulent under any rule of law of the state where the goods are situated. Since Pennsylvania is the state where the goods are located, it is necessary to determine whether the trustee, on behalf of debtor's creditors, can void the sale under Pennsylvania law as being a fraudulent retention of goods.

■ Under Pennsylvania law, it has been uniformly held that a transfer of property from a seller to a buyer will constitute, as to the seller's creditors, a legal fraud, unless there is an adequate change of possession in the form of actual or constructive delivery. *In re: Kellett Aircraft Corp.,* 173 F.2d 689, 694 (3d Cir.1949). In the context of this case, the issue is whether debtor's segregation and labeling of the equipment is sufficient to constitute constructive delivery. This court agrees with the bankruptcy court in determining that the segregation of the equipment from the rest of debtor's inventory and the ear-marking of the equipment

---

**6.** 13 Pa.C.S.A. § 1106 provides, in pertinent part, that:

The remedies provided by this title shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed....

**7.** A determination that specific performance is available to Proyectos is consistent with the provision of Pennsylvania Commercial Code which subjects the rights of unsecured creditors of the seller to the right of a buyer of

identified goods to recover the goods. *See* 13 Pa.C.S.A. § 2402(a) (Pamphlet 1983). To the extent there is a need for a determination that the equipment in issue was identified, the court so finds, the equipment having been designated by the seller as goods to which the contract refers by the segregation and labeling of the equipment. *See* 13 Pa.C.S.A. § 2501 (Pamphlet 1983).

**8.** 13 Pa.C.S.A. § 2402(b) (Pamphlet 1983).

as belonging to Proyectos by means of invoice numbers and purchase orders adequately indicated a change of possession and constituted constructive delivery. *See Shipler v. New Castle Paper Products Corp.,* 293 Pa. 412, 143 A. 182 (1928) (no constructive delivery where goods remained in seller's warehouse and were not marked as not belonging to seller); *Riggs v. Bair,* 213 Pa. 402, 62 A. 1086 (1905) (designation of goods for the use of or delivery to the buyer is considered as delivery to the buyer). Accordingly, there being no legal fraud, Proyectos is entitled to recover the equipment from the debtor's estate.

## III. CONCLUSION

This court, having found Proyectos is entitled to relief from the automatic stay and to specific performance and that no legal fraud has been perpetrated against debtor's creditors, requires that the trustee in bankruptcy turn over the electronics equipment to Proyectos.

An appropriate Order will be entered.