In re Kathleen M. MERCER, Debtor,

v.

D.E.F., INC., a Louisiana corporation, parent corporation of ABC T.V. and Stereo Rental, Inc., a Minnesota corporation, registered to do business as, Color Tyme T.V. Rental, Defendant.

Bankruptcy No. 3–85–20.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 16, 1985.

Samuel Wertheimer, Minneapolis, Minn., for debtor.

Robert Steigauf, St. Paul, Minn., for defendant.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on March 8, 1985, for an evidentiary hearing to determine whether Color Tyme, Inc., should be held in contempt of Court for violation of the automatic stay imposed by 11 U.S.C. § 362(a) in connection with its repossession of certain stereo equipment. A preliminary hearing for an order to show cause why Color Tyme, Inc., should not be held in contempt of Court was heard on January 31, 1985, and a temporary restraining order against Color Tyme, Inc., was issued as a result of that hearing. By Order dated February 1, 1985, this Court enjoined Color Tyme from taking any action against the Debtor and directing Color Tyme to return the repossessed property. Samuel Wertheimer appeared representing the Debtor. Robert Steigauf appeared representing Color Tyme. Based on the file, records, evidence adduced at the hearing, briefs and arguments of counsel, the Court makes this Order pursuant to the Rules of Bankruptcy Procedure.

## I.

The Debtor, Kathleen Mercer, is a single parent. She has three children, Robert age 15, Niki age 3, and one 18-year-old child not living at home. She resides at 812 Stewart, St. Paul, Minnesota. The home is rented from her aunt, Marlene McBride. Ms. Mercer has been employed as a cashier for Minnesota Mutual of St. Paul for the past two years. Her gross income for 1984 was $11,000.00. On January 4, 1985, she filed for relief under Chapter 13 of the United States Bankruptcy Code.

The parties agree that the Defendant in this case is D.E.F., Inc., a Louisiana corporation, and parent corporation of ABC T.V. and Stereo Rental, Inc., a Minnesota corporation, registered to do business as Color Tyme T.V. Rental. The Defendant has three locations in the metropolitan area. The store which repossessed Ms. Mercer's property is located at 560 University Avenue, St. Paul, Minnesota. Color Tyme's business includes renting electronic equipment with the option to purchase at the end of the lease period.

Ms. Mercer entered into a rental agreement with Color Tyme for a stereo unit on May 10, 1984. The serial number of the stereo is 644020380. The Debtor was current on all prepetition obligations to Color Tyme at the time of filing the Chapter 13 petition. On Tuesday, January 8, 1985, Ms. Mercer spoke on the phone with an employee of Color Tyme identified as Andy. Ms. Mercer informed the employee that she had filed a Chapter 13 bankruptcy and her attorney would contact Color Tyme on her behalf. Color Tyme received formal notice of the bankruptcy by mail on Tuesday, January 15, 1985. In the phone conversation on January 8, Color Tyme employee, Andy, demanded either payment of the next installment or return of the equipment.

On Thursday, January 10, 1985, Color Tyme employee, Andy, called the Mercer residence and was informed that Ms. Mercer was not at home. He left a message at the Mercer home that Color Tyme was demanding payment or return of the equipment immediately. Ms. Mercer did not act on the request.

On the morning of January 11, 1985, Ms. Mercer's three-year-old child Niki was stricken with an extremely high fever. She took the child to get emergency medical treatment at a nearby hospital. Ms. Mercer remained at the hospital with her child for the remainder of the day. At approximately 4:00 p.m. two employees from Color Tyme T.V. went to the Mercer residence with the specific intent to repossess the stereo unit. At the home was a 26-year-old woman identified as Aunt Felicia, along with four minor children. The two employees were informed that Ms. Mercer was not at home and that they could not, under any circumstance, enter the home.

The two employees left the home without incident. Ms. Mercer phoned home from the hospital at approximately 4:30 p.m. She was told that Color Tyme T.V. had come to the home and demanded return of the stereo. She then phoned her attorney, Samuel Werthiemer, and explained the situation. Mr. Werthiemer phoned Mr. Robert Bryan, the manager of the Color Tyme store. Mr. Werthiemer informed Mr. Bryan that Ms. Mercer had filed for relief in the Bankruptcy Court and Color Tyme was prohibited from repossessing the collateral. Mr. Bryan informed Mr. Werthiemer that Color Tyme had legal counsel and understood its repossession rights. At that point, Mr. Bryan directed Color Tyme employees to return to the Mercer home and repossess the stereo.

Two Color Tyme employees returned to the home at approximately 6:30 p.m. At home, at this time, were Robert and Niki Mercer, along with Angie and Joey Koehler, cousins of the Mercer family. All were minor children under 15 years of age. Aunt Felicia had left the home leaving strict instructions not to allow anyone into the home. The two employees pounded and kicked a metal rear entrance door for five to ten minutes. They could see the children through an adjacent window and demanded entrance. The kicking and pounding caused substantial damage to the door, ruining it. The incident was extremely frightening to all of the children in the home and after approximately ten minutes, the children opened the door. The two employees entered the home uninvited and asked the whereabouts of the stereo unit. The children told the two employees that it was upstairs and they immediately walked up the stairs and summarily repossessed the stereo.

The replacement cost for the prehung metal door is $510.10. Ms. Mercer incurred reasonable attorney's fees and costs in bringing this contempt proceeding in the amount of $1,907.99.

## II.

Upon the filing of a petition in bankruptcy, an automatic stay is imposed pursuant to 11 U.S.C. § 362(a). This stay prohibits creditors from taking any action against the debtor or property of the debtor's estate. The stay constitutes an order of the Court and, in this case, was automatically imposed on January 4, 1985, when Ms. Mercer filed her bankruptcy petition.

Furthermore, even a mere possessory interest in property is protected by the automatic stay. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed.2d 876 (1940); *In Matter of GSVC Restaurant Corp.*, 3 B.R. 491 (Bankr.S.D.N.Y.1980); *Matter of DePoy*, 29 B.R. 471 (Bankr.N.D.Ind.1983). Accordingly, Color Tyme's action against the Debtor's home and her property violated the stay.

Color Tyme claims that it had not received official, formal notice of the bankruptcy until after the incident occurred and that it should not be held to have had knowledge of the bankruptcy petition for purposes of contempt when it repossessed the equipment. However, if a creditor has actual knowledge of the bankruptcy, the stay precludes any further action against the debtor. *Fidelity Mortgage Investors v. Camelia Builders, Inc. (In re Fidelity Mortgage Investors)*, 550 F.2d 47 (2nd Cir. 1976) *cert. denied* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *Matter of DePoy*, 29 B.R. 471 (Bankr.N.D.Ind.1983). The *DePoy* case stated:

In order to find a person in civil contempt, the party accused of contemptuous conduct must be shown to have had notice or knowledge of the court's order sufficient to put the party on notice of the prescribed conduct. *Id.* at 475

■ Clearly, Color Tyme knew of the pending bankruptcy from at least Tuesday, January 8, 1985. In addition, Mr. Werthiemer indicated to Mr. Bryan that he could not repossess the stereo on January 11, 1985. Color Tyme had sufficient notice of the bankruptcy and that its action against the Debtor was not permitted. When Color Tyme wilfully repossessed the collateral, with knowledge of the bankruptcy, it did so at its own peril. The Court finds that, under the circumstances of this case, Color Tyme T.V. acted in contempt of this Court's Order for relief entered January 4, 1985, upon the filing of the Debtor's petition.

### III.

■ When a Bankruptcy Court makes a finding of contempt, the Bankruptcy Code directs the Court to recompense the debtor for any compensatory damages, including attorney's fees and exemplary damages where appropriate. Section 362(h) of the Bankruptcy Code reads in pertinent part:

> (h) An individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(h) (1979 and supp.1984). (emphasis added)

The Court believes compensatory damages in this case should include $510.00 for replacement of the door and $1,000.00 to the Debtor for humiliation, embarrassment, anxiety and frustration she suffered in the incident. The Court also awards the Debtor $1,907.99 as and for attorney's fees and costs she incurred in this proceeding.

■ The next question is whether the Court should award punitive damages against Color Tyme. The purpose of punitive damage is to both punish and deter the offending party. It should be gauged by the gravity of the offense and set at a level sufficient to insure that it will both punish and deter the party. See: *Melina v. Chapmin,* 327 N.W.2d 19 (Minn.1982). The offending party must have committed an intentional wrong without any legal justification. *Johnson v. Radde,* 293 Minn. 409, 196 N.W.2d 478 (1972).

■ The Court is hard pressed to imagine a more egregious scenario than the actual events under consideration in this case. The Court finds no justification for breaking down a debtor's residential door under any circumstances to repossess property. Color Tyme's conduct here, where only minor children were present in the home, was inexcusable.

The Court is also concerned with the general attitude of Color Tyme as expressed by its manager, Robert Bryan. Mr. Bryan's testimony indicates Color Tyme regularly violates the automatic stay. When asked what his normal procedure for dealing with bankrupt renters is, he stated that upon learning of a pending bankruptcy, he immediately calls the debtor to demand return of the equipment or payment of money. He said the next step is to go to the debtor's home and demand surrender of the collateral and/or payment. If that does not work, he then calls Color Tyme's counsel for assistance. To say the least, this entire incident and the attitude of this creditor, shocks the conscience of this Court.

An important purpose of the § 362 stay is to protect debtors from harassment by persistent creditors and the embarrassment, anxiety and frustration that result from it. Color Tyme's practice of calling debtors by phone and going to their homes to demand payment or return of collateral is precisely the type of action that the § 362 stay is meant to prevent. The Court feels an award of punitive damages is ap-

propriate in this case both to punish this creditor for the egregious acts committed against this Debtor and to deter Color Tyme from such conduct in the future.

The amount of punitive damages awarded is a function of the offending party's financial capabilities. The award must be sufficient to sting the pocketbook of the wrongdoer. No evidence was offered on the financial resources of this creditor. The Court notes, however, that this may be the result of Color Tyme's refusal to comply with discovery requests of the Debtor and the short time between the preliminary and final hearings in this case. What is before the Court are facts showing that this creditor is a nation-wide corporation with business in, at least, Minnesota and Louisiana. It maintains three separate retail rental stores in the Metro area alone. The Court feels this creditor has assets sufficient to justify an award of punitive damages in the amount of $5,000.00 and that such an award is otherwise appropriate in this case.

IT IS ORDERED: Kathleen Mercer is entitled to judgment against Defendant D.E.F., Inc., as parent corporation of ABC T.V. and Stereo Rental, Inc., a Minnesota corporation, d/b/a Color Tyme T.V. Rental, as follows:

1. Adjudging and decreeing that the Defendant's conduct in repossessing from Ms. Mercer that certain stereo equipment, Serial No. 644020380, was in violation of the § 362 stay and in contempt of this Court's Order for relief entered January 4, 1985.

2. Awarding Ms. Mercer the sum of $1,510.00 as and for compensatory damages resulting from the violation and contempt.

3. Awarding Ms. Mercer $5,000.00 as and for punitive damages resulting from the violation and contempt.

4. Awarding Ms. Mercer her attorney's fees and costs in the amount of $1,907.99.

Let Judgment Be Entered Accordingly.