**In re Evelyn Mae CRAWLEY, Debtor.**

**Bankruptcy No. 4–89–4275.**

United States Bankruptcy Court,
D. Minnesota.

March 1, 1990.

Vance O. Bushay, Minneapolis, Minn., Timothy Fuller, Edina, Minn., for debtor.

Peter B. Stein, Stein & Moore, St. Paul, Minn., for ITT.

## MEMORANDUM ORDER

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 1st day of February, 1990 on a motion by ITT Financial Services, Inc. ("ITT") for relief from stay. The appearances were as follows: Peter Stein for ITT; and Vance Bushay and Timothy Fuller for the debtor. This Court has jurisdiction to hear and finally determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The following memorandum shall constitute the Court's Findings of Fact and Conclusions of Law.

## UNDISPUTED FACTS

First Minnesota Savings Bank fsb (the "first mortgagee") held a first mortgage on debtor's homestead. The homestead was also encumbered by a second mortgage in favor of ITT. Debtor defaulted on the first mortgage. The first mortgagee foreclosed, obtained the sheriff's Certificate of Sale following the foreclosure sale, and timely recorded the same. On the last day of her redemption period, debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. ITT, without

knowledge that debtor had filed her petition, subsequently took the necessary steps to redeem the mortgaged property from the first mortgagee. ITT acknowledges that the redemption was invalid due to the extension of debtor's redemption period provided for by 11 U.S.C. § 108(b).[1]

Debtor never effected a redemption of the mortgaged property. At the close of debtor's extended redemption period, ITT again took steps to acquire the mortgaged property from the first mortgagee. After acquiring title to the mortgaged property, ITT commenced an unlawful detainer action against debtor, who refused to relinquish possession of the premises. ITT did not seek relief from stay from this Court under 11 U.S.C. § 362(d) prior to commencing its unlawful detainer action. The Hennepin County District Court issued a Writ of Restitution, and debtor was served with the same, but the sheriff did not enforce the writ. Debtor remains in possession of the mortgaged property at this time.

## DISCUSSION

ITT seeks to have this Court declare that its unlawful detainer action did not violate the automatic stay, and that the Writ of Restitution it obtained is therefore valid. In the alternative, ITT seeks to have the stay annulled, which would render the Writ valid. In their memoranda and argument, counsel for both parties focused on whether debtor's possession of the mortgaged property following expiration of the extended redemption period constituted "property of the estate," in which case ITT's unlawful detainer action would have violated the stay under 11 U.S.C. § 362(a)(3). Neither party discussed whether the action violated the stay because it constituted an "act to obtain possession ... of property from the estate," which is also stayed by section 362(a)(3).[2]

■ Initially, it appeared that I could avoid deciding whether debtor's post-expi-

ration possession constituted "property of the estate" by characterizing ITT's commencement of its unlawful detainer action as an act to obtain possession of property "from the estate." The language of section 362(a)(3) stays three distinct, although not mutually exclusive, types of actions:

> Except as provided in subsection (b) of this section, [filing of] a petition ... operates as a stay, applicable to all entities, of—
>
> (3) any act [1] to obtain possession [a] of property of the estate or [b] of property from the estate or [2] to exercise control over property of the estate.

11 U.S.C. § 362(a)(3). An action that might not run afoul of prohibition "1a" against acts to obtain possession of property *of* the estate could, nonetheless, violate prohibition "1b" against acts to obtain possession of property *from* the estate. *Emerson Quiet Kool Corp. v. Marta Group, Inc. (In re Marta Group, Inc.),* 33 B.R. 634, 641–42 (Bktcy.E.D.Pa.1983); *Proyectos Electronicos, S.A. v. Alper,* 37 B.R. 931 (E.D.Pa. 1983); *Turbowind, Inc. v. Post Street Management, Inc. (In re Turbowind, Inc.),* 42 B.R. 579, 585 (Bktcy.S.D.Cal.1984).

■ The mortgaged property, however, was not possessed by the *estate,* and therefore ITT's commencement of its unlawful detainer action was not an act to obtain possession of the mortgaged premises "from the estate." *Marta Group, Alper* and *Turbowind* were Chapter 11 cases in which the debtors-in-possession possessed items of the creditors' property, and therefore those items were possessed by the debtors' respective estates. In a Chapter 13 case, however, the debtor is not accountable for all property collected, as is the debtor-in-possession in a Chapter 11 case, since the Chapter 13 trustee is charged with that responsibility. *Compare* 11 U.S.C. § 1107(a) with 11 U.S.C. §§ 1302(b)(1) and 704(2). Moreover, in the instant case, debtor claimed the mortgaged property as exempt, and thus she pos-

---

1. *See In re Ruud,* No. 3–86–2978 (Bktcy.D.Minn. Feb. 9, 1987).

2. ITT's commencement of its unlawful detainer action was not stayed pursuant to 11 U.S.C.

§ 362(a)(1), since the postpetition expiration of the redemption period precluded ITT from commencing its action against the debtor prepetition.

sessed the premises to the exclusion of the trustee and the estate.[3] Consequently, her possession did not constitute possession by the estate, and thus ITT did not act to obtain possession from the estate.

■ Therefore, I must decide whether debtor's post-expiration possession constituted "property of the estate." Section 541 of the Bankruptcy Code defines "property of the estate":

> Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).[4] ITT's commencing of its unlawful detainer action was an act to obtain possession of the mortgaged premises, and therefore the central issue here is whether the mortgaged premises were "property of the estate" at the time ITT commenced its action. The mortgaged premises were never property of the estate, since the prepetition foreclosure sale rendered debtor without any legal or equitable interest in the property as of the commencement of the case:

> It is long-settled under Minnesota law that foreclosure extinguishes the mortgage and that the purchaser at the foreclosure sale acquires a vested right to become the absolute owner of the property upon expiration of the redemption period, or, in lieu thereof, to receive the payment of the purchase price plus interest. The mortgagor, on the other hand, retains only the equity of redemption,

plus the rights to possession, rents, and profits of the property during the period of redemption. Accordingly, it is only the right of redemption, rather than the property itself, which passes into the bankruptcy estate if the redemption period has not expired at the time of the bankruptcy petition is filed.

*Johnson v. First National Bank*, 719 F.2d 270, 276 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Consequently, ITT's commencement of its unlawful detainer action was not an act to obtain property of the estate.

Debtor relies on the holding in the *Mercer* case to support her contention that the stay applied to commencement of ITT's unlawful detainer action. In particular, debtor points to Judge O'Brien's pronouncement therein that "even a mere possessory interest in property is protected by the automatic stay." *Mercer v. D.E.F., Inc.*, 48 B.R. 562, 564 (Bktcy.D.Minn.1985). Judge O'Brien's pronouncement, of course, is correct; pursuant section 362(a)(3), the stay does apply to acts "to obtain possession ... of property from the estate":[5]

> Paragraph (3) [of 11 U.S.C. § 362(a)] stays any act to obtain possession of ... property from the estate (property over which the *estate* has control or possession).

H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6298 (emphasis added). But as I have already concluded, in the instant case, ITT's commencement of its unlawful detainer action was not an act to obtain possession of the mortgaged

---

3. The time for filing objections to debtor's claimed exemptions expired December 8, 1989, since the meeting of creditors was held November 8, 1989. Fed.R.Bankr.P. 4003(b). It appears that ITT commenced its unlawful detainer action in late November, 1989, prior to expiration of the time for filing objections. Nevertheless, debtor should not be permitted to assert that she possessed the mortgaged property for the benefit of the estate when in her schedules she listed the property as exempt. Neither the trustee nor any creditor filed an objection to debtor's claim that the mortgaged property was exempt.

4. In Chapter 13 cases, "property of the estate" includes other property in addition to that included by section 541. 11 U.S.C. § 1306.

5. In *Mercer*, Judge O'Brien held that a creditor's forcible repossession of its personal property from debtor's home following expiration of debtor's lease of said property violated 11 U.S.C. § 362(a). *Mercer*, 48 B.R. at 564. But it is important to note that Judge O'Brien did not conclude that "a mere possessory interest in property" constitutes "property of the estate," nor even that section 362(a)(3) was specifically implicated by the creditor's actions.

property from the estate, since the premises were not property over which the *estate* had control or possession. Therefore, the holding in *Mercer* is distinguishable.

Moreover, it would not further the purposes of section 362(a)(3) to hold that it applied to commencement of an unlawful detainer action under the facts of this case:

> The purpose of this provision is to prevent dismemberment of the estate. Liquidation must proceed in an orderly fashion. Any distribution of property must be by the trustee after he has had an opportunity to familiarize himself with the various rights and interests involved and with the property available for distribution.

*Id.* Similarly, in a Chapter 11 case, the debtor-in-possession, imbued by the Code with the powers of a trustee, must have time to assess the extent of property potentially available for use in its reorganization. Thus, section 362(a)(3) stays actions that would be injurious to the common interest of an estate's creditors by preventing the most aggressive individuals among the creditors from depleting the estate. Section 362(a)(3) does not exist for the purpose of enabling a debtor to subject the rightful owner of property to the delay and expense associated with obtaining relief from stay prior to recovering its property.

Because ITT's commencement of its unlawful detainer action against Evelyn Mae Crawley, debtor herein, was not stayed pursuant to 11 U.S.C. § 362(a), IT IS HEREBY ORDERED that ITT's motion for relief for stay pursuant to 11 U.S.C. § 362(d) is denied.