**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN ELDON HUNSAKER; CHERYL LYNN HUNSAKER, *Plaintiffs-Appellants*, <br><br> v. <br><br> UNITED STATES OF AMERICA, *Defendant-Appellee.* | No. 16-35991 <br><br> D.C. No. 6:16-cv-00386-MC <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted May 15, 2018
Portland, Oregon

Filed August 30, 2018

Before: M. Margaret McKeown and Richard A. Paez,
Circuit Judges, and Cynthia A. Bashant,\* District Judge.

Opinion by Judge Bashant

---

\* The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

## SUMMARY[**]

### Bankruptcy

The panel reversed the district court's judgment reversing the bankruptcy court's judgment awarding damages to debtors for the Internal Revenue Service's violation of the Bankruptcy Code's automatic stay.

The panel held that sovereign immunity does not preclude an award of emotional distress damages against the United States for willful violation of the automatic stay. In 11 U.S.C. § 106(a), Congress waived sovereign immunity for a "money recovery" under certain bankruptcy provisions, including 11 U.S.C. § 362(k), which allows an individual to recover "actual damages" for a willful violation of the automatic stay. Disagreeing with the First Circuit, the panel concluded that the bankruptcy court's award of emotional distress damages under § 362(k) was a "money recovery" under § 106(a)'s waiver of sovereign immunity.

The panel remanded to the district court with instructions to consider the government's challenge to the merits of the debtors' claims.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Douglas D. Geyser (argued) and Daniel L. Geyser, Stris & Maher LLP, Los Angeles, California; Keith D. Karnes, Karnes Law Offices P.C., Salem, Oregon; for Plaintiffs-Appellants.

Paul Andrew Allulis (argued) and Thomas J. Clark, Attorneys; David A. Hubbert, Acting Assistant Attorney General; Tax Division, United States Department of Justice, Washington, D.C.; for Defendant-Appellee.

Tara Twomey, National Consumer Bankruptcy Rights Center, San Jose, California, for Amici Curiae National Association of Consumer Bankruptcy Attorneys and National Consumer Bankruptcy Rights Center.

**OPINION**

BASHANT, District Judge:

We must determine whether sovereign immunity precludes an award of emotional distress damages against the United States for willful violation of the Bankruptcy Code's automatic stay. The answer turns on the interplay between two Bankruptcy Code statutes: 11 U.S.C. §§ 106(a) ("Section 106(a)") and 362(k) ("Section 362(k)"). In Section 106(a), Congress waived sovereign immunity for a "money recovery" under certain bankruptcy provisions, including Section 362(k). Section 362(k) in turn allows an individual to recover "actual damages" for a willful violation of the Bankruptcy Code's automatic stay.

After Jonathan and Cheryl Hunsaker filed for bankruptcy, the Internal Revenue Service ("IRS") violated the automatic stay by sending the couple collection notices. The bankruptcy court awarded the Hunsakers damages under Section 362(k) for their emotional distress, but the district court reversed on sovereign immunity grounds. Because Section 106(a) unambiguously waives sovereign immunity for an award of emotional distress damages under Section 362(k), we reverse and remand.

## I.

The Hunsakers filed for relief under Chapter 13 of the Bankruptcy Code. Despite being notified of the couple's bankruptcy, the IRS sent four notices to the Hunsakers demanding payment and threatening imminent enforcement action, including a levy on Social Security benefits. The Hunsakers responded by bringing an adversary proceeding against the United States in bankruptcy court seeking damages for violation of the automatic stay under Section 362(k). The government conceded the IRS's conduct violated the stay.

At trial, the Hunsakers sought only damages for emotional distress. The government argued sovereign immunity bars this relief, but the bankruptcy court was unconvinced. In reaching the merits, the court determined that the IRS's conduct exacerbated the stress of the Hunsakers' bankruptcy, causing them to suffer significant emotional distress. As compensation, the court awarded the Hunsakers $4,000 in damages.

In an appeal to the district court, the government again invoked sovereign immunity. The government also challenged the merits of the Hunsakers' claims, arguing they suffered insufficient emotional distress to warrant damages.

The district court concluded Congress has not waived sovereign immunity for emotional distress damages under Section 362(k).  The court therefore reversed the bankruptcy court's judgment and ordered the Hunsakers' complaint to be dismissed, without reaching the merits of their claims. The Hunsakers appealed.

## II.

We have jurisdiction under 28 U.S.C. § 158(d).   We review de novo questions of statutory interpretation and sovereign immunity.  *See Zazzali v. United States (In re DBSI, Inc.)*, 869 F.3d 1004, 1007 n.2 (9th Cir. 2017); *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1193 (9th Cir. 2005).

## III.

"Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'"  *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992)).   "Congress has enacted several broad waivers of the United States' sovereign immunity."  *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1168 (9th Cir. 2017).

The waiver at issue here, Section 106(a), applies to fifty-nine provisions of the Bankruptcy Code.   For these enumerated provisions, Section 106(a) provides that "sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section."   The extent of the waiver relevant to this appeal is set forth in Section 106(a)(3), which authorizes a court to "issue against a governmental unit an order, process, or judgment under such sections . . . , including an order or judgment awarding a

money recovery, but not including an award of punitive damages."

One of the waiver's enumerated provisions, Section 362, is the Bankruptcy Code's automatic stay statute. When debtors file for bankruptcy, Section 362 imposes an automatic stay "to protect debtors from all collection efforts while they attempt to regain their financial footing." *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992). Section 362(k) establishes consequences for violating the stay: "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." In *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1148 (9th Cir. 2004), we held "actual damages" under Section 362(k) "include[s] damages for emotional distress."[1]

Relying on Section 362(k) and *Dawson*, the bankruptcy court awarded the Hunsakers emotional distress damages against the government. Because Section 106(a)'s waiver of sovereign immunity applies to Section 362(k), this appeal turns on whether the bankruptcy court's award falls within the scope of the waiver. That is, we must resolve whether an award of emotional distress damages is an "order or judgment awarding a money recovery, but not including an award of punitive damages." *See* 11 U.S.C. § 106(a)(3).

---

[1] When we decided *Dawson*, Section 362(k) was labeled Section 362(h). Congress redesignated the statute as Section 362(k) in 2005, but the relevant text remains unchanged. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 305(1)(B), 119 Stat. 23, 79.

We conclude that it is.  We first explain why the scope of Section 106(a)'s waiver of sovereign immunity is unambiguous and encompasses damages for emotional distress under Section 362(k).  We then address the government's alternative, implausible interpretation of the waiver based on the term "money recovery" in Section 106(a)(3).  Finally, we address our departure from the First Circuit's decision reaching the opposite result in an analogous context.

**A.**

"To maintain a suit against the government for money damages, 'the waiver of sovereign immunity must extend unambiguously to such monetary claims,' thus foreclosing an implied waiver."  *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768 (9th Cir. 2018) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).  "Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages," and we "construe any ambiguities in the scope of a waiver in favor of the sovereign."  *FAA v. Cooper*, 566 U.S. 284, 290–91 (2012).

Although a waiver of sovereign immunity must be unequivocally expressed, "Congress need not state its intent" to waive the government's immunity "in any particular way" or "use magic words."  *Cooper*, 566 U.S. at 291.  "The sovereign immunity canon is just that—a canon of construction."  *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589 (2008).  It is an interpretive tool that "does not 'displac[e] the other traditional tools of statutory construction.'"  *Cooper*, 566 U.S. at 291 (alteration in original) (quoting *Chertoff*, 553 U.S. at 589).

Our inquiry, then, is whether the scope of the waiver is "clearly discernable from the statutory text in light of

traditional interpretive tools." *Cooper*, 566 U.S. at 291. If it is not, we will adopt the interpretation of the waiver that is most favorable to the government. *Id.*; *see also In re DBSI*, 869 F.3d at 1013 ("[W]here a plausible interpretation of a provision that would preserve immunity is available, we should adopt that interpretation and preserve the government's sovereign immunity.").

Turning to our interpretive tools, "we start with the plain meaning of the statute's text." *Father M v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Or.)*, 661 F.3d 417, 432 (9th Cir. 2011) (quoting *United States v. Wright*, 625 F.3d 583, 591 (9th Cir. 2010)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Section 106(a)'s text plainly waives sovereign immunity for court-ordered monetary damages under the waiver's enumerated provisions, although the damages may not be punitive. Under Section 106(a)(3), a court is authorized to issue against the government an "order, process, or judgment under" the provisions identified in Section 106(a)(1), "including an order or judgment awarding a money recovery, but not including an award of punitive damages." The clause "including . . . a money recovery" expressly broadens the waiver's scope to encompass monetary damages. The text then provides for one limitation: the money recovery cannot "includ[e] an award of punitive damages." Thus, the statute's text unambiguously waives sovereign immunity for nonpunitive monetary damages

under the waiver's listed provisions.[2] And because Section 106(a)(3)'s language is unambiguous, the scope of the waiver is "clearly discernable from the statutory text in light of traditional interpretive tools." *See Cooper*, 566 U.S. at 291.

In light of this unambiguous scope, Section 106(a) waives sovereign immunity for emotional distress damages under Section 362(k). Emotional distress damages are a form of monetary relief—compensatory damages—but they are not punitive.[3] We have already determined that damages for emotional distress are recoverable as "actual damages" under Section 362(k). *Dawson*, 390 F.3d at 1148. And, given that Section 106(a) waives immunity for nonpunitive monetary damages awarded under the statute's enumerated provisions, the bankruptcy court's award falls within the scope of the waiver. In other words, the court's award is a "judgment awarding a money recovery, but not including an award of punitive damages." *See* 11 U.S.C. § 106(a)(3).

Finally, because the scope of the waiver is unambiguous, "judicial inquiry is complete," and there is no need to look beyond the plain meaning of Section 106(a). *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (quoting

---

[2] The Eleventh Circuit has adopted the same interpretation of the scope of Section 106(a)'s sovereign immunity waiver. *See Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996).

[3] These damages compensate for an actual injury: distress. "Distress is a personal injury familiar to the law" that "include[s] mental suffering or emotional anguish." *See Carey v. Piphus*, 435 U.S. 247, 263–64, 264 n.20 (1978) (discussing the standard for awarding emotional distress damages as compensatory damages under 42 U.S.C. § 1983). In contrast, punitive damages "are not compensation for injury"; they are instead awarded "to punish reprehensible conduct and to deter its future occurrence." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

*Rubin v. United States*, 449 U.S. 424, 430 (1981)).  There is also no need to subject Section 362(k) to the same scrutiny as Section 106(a).  Section 362(k) "is not a waiver of sovereign immunity; it is a substantive provision" that provides individuals relief for willful violations of the Bankruptcy Code's automatic stay.  *See Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (drawing this distinction between an analogous pair of statutes in the Age Discrimination in Employment Act of 1967).  Because Section 106(a) waives sovereign immunity for claims under Section 362(k), the latter provision "need not . . . be construed in the manner appropriate to waivers of sovereign immunity."  *See United States v. Mitchell*, 463 U.S. 206, 218–19 (1983); *accord Gomez-Perez*, 553 U.S. at 491.

In sum, the Hunsakers may recover emotional distress damages against the government under Section 362(k) because Section 106(a)'s waiver of sovereign immunity "extend[s] unambiguously to such monetary claims."  *See Daniel*, 891 F.3d at 768 (quoting *Lane*, 518 U.S. at 192).

**B.**

The government argues for an alternative interpretation of Section 106(a)'s waiver based on the term "money recovery," which appears only in Section 106(a)(3)'s clause providing for "an order or judgment awarding a money recovery, but not including an award of punitive damages." In the government's view, "money recovery" can be construed "to refer only to claims seeking to restore to the bankruptcy estate sums of money unlawfully in the possession of governmental entities—not to the broader measure of damages."

The government's position is based on the Supreme Court's decision interpreting the prior version of Section 106

in *United States v. Nordic Village, Inc.*, 503 U.S. 30 (1992). This prior version of Section 106 provided that a bankruptcy provision containing the term "'creditor,' 'entity,' or 'governmental unit' applies to governmental units," and a court's determination "of an issue arising under such a provision binds governmental units." 11 U.S.C. § 106(c) (Supp. III 1979), *amended by* 11 U.S.C. § 106 (1994). The Supreme Court considered whether this language waived immunity for a trustee's action to recover an unauthorized payment made to the IRS after the debtor had filed for bankruptcy. *Nordic Vill.*, 503 U.S. at 31. The Court held the statute did not waive sovereign immunity for the trustee's action because the statute's text failed to unequivocally subject the government to "claims for monetary relief." *Id.* at 39.

"Congress amended Section 106(a)(1) in 1994, at least in part, as a response to *Nordic Village*." *In re DBSI*, 869 F.3d at 1011 n.8 (citing H.R. Rep. 103-835, at 42 (1994)). Using this backdrop as a springboard, the government argues "money recovery" can be interpreted as only allowing for the relief the Supreme Court held was unavailable in *Nordic Village*—the recovery of money unlawfully in the government's possession.

We reject this interpretation because it is not plausible in light of the statute's text. In particular, Section 106(a)(3)'s exclusion of punitive damages dispels the government's interpretation. In this provision, the phrase "judgment awarding a money recovery" is immediately followed by the carve-out "but not including an award of punitive damages." 11 U.S.C. § 106(a)(3). If "money recovery" is limited, however, to recovering "sums of money unlawfully in the possession of governmental entities," the punitive damages carve-out is meaningless. Punitive damages are not "sums

of money unlawfully in the possession of governmental entities."

Given that the government's interpretation of "money recovery" renders part of the statute meaningless, this interpretation runs afoul of "one of the most basic interpretive canons, that '[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]'" *See Corley v. United States*, 556 U.S. 303, 314 (2009) (first alteration in original) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)).  For this reason, the government's construction of Section 106(a) is implausible.  *See Cooper*, 566 U.S. at 290–91.  And we cannot rely on an implausible construction of the statute to preserve the government's immunity.  *See id.*; *see also In re DBSI*, 869 F.3d at 1013.  We instead afford Section 106(a) its plain meaning: Congress has waived sovereign immunity for nonpunitive monetary damages under the waiver's enumerated provisions, including Section 362(k).

## C.

We recognize the First Circuit reached a different result when construing the scope of Section 106(a)'s waiver in *United States v. Rivera Torres (In re Rivera Torres)*, 432 F.3d 20 (1st Cir. 2005).  We briefly turn to the First Circuit's opinion and explain why we disagree with its reasoning.

In *Rivera Torres*, the First Circuit analyzed whether Section 106(a) waives sovereign immunity for emotional distress damages awarded under a different provision enumerated in the waiver: 11 U.S.C. § 105.  432 F.3d at 23. In resolving this issue, the First Circuit adopted a "temporal approach."  *Id.* at 25.  This approach focuses on whether

Congress understood emotional distress damages to be available under Section 106(a)'s enumerated provisions at the time of the 1994 amendment to the statute. *Id.* The First Circuit reasoned that "congressional understanding" can be evaluated by considering the "background law" at the time of the amendment. *See id.* at 25–26.

After surveying the state of the law in 1994, the First Circuit concluded that none of the relevant provisions enumerated in Section 106(a)(1) "clearly established the availability, even against private parties, of an award of emotional distress damages in 1994 as a matter of background law." *Rivera Torres*, 432 F.3d at 29. Thus, the First Circuit reasoned these enumerated sections "do not provide a basis to find [a] clear waiver of sovereign immunity as to emotional distress damages." *Id.*

We decline to adopt the First Circuit's temporal approach to Section 106(a) for several reasons. First, the plain language of the statute is dispositive. Because the scope of Section 106(a)'s waiver is unambiguous, there is no need to look beyond the statute's text and ascertain whether it was clearly established in 1994 that emotional distress damages were recoverable under Section 362(k). *See, e.g.*, *Germain*, 503 U.S. at 253–54 ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

Second, we disagree with the First Circuit's interpretation of Section 106(a)(5), which the First Circuit relied upon to tether its temporal approach to the statute's text. Section 106(a)(5) provides: "Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." In the First

Circuit's view, this text limits Section 106(a)'s waiver to only those remedies that were available at the time of the 1994 amendment because the text "forbids the creation of any substantive claim for relief 'not otherwise existing under this title, the Federal Rules of Bankruptcy, or non-bankruptcy law.'" *See Rivera Torres*, 432 F.3d at 31 (quoting 11 U.S.C. § 106(a)(5)). And, based on Section 106(a)(5), the First Circuit reasoned that "Congress has clearly endorsed a temporal approach." *Id.* at 26.

We do not read the same temporal restriction into Section 106(a)(5). Section 106(a)(5) only states that Section 106(a)—a provision waiving immunity for various substantive provisions—does not itself create any new causes of action or substantive claims for relief. *See Franklin Sav. Corp. v. United States (In re Franklin Sav. Corp.)*, 385 F.3d 1279, 1286 (10th Cir. 2004) ("By its express terms . . . Bankruptcy Code § 106 does not provide a substantive or independent basis for asserting a claim against the government."). In other words, Section 106(a)(5) confirms that a party bringing a claim against the government "must demonstrate that a source *outside* of" the waiver provision "entitles [it] to the relief sought." *See In re Hardy*, 97 F.3d at 1388. This section does not graft a temporal restriction into the waiver's scope.

Third, Section 362(k) predates the operative text of Section 106(a). Although we interpreted Section 362(k) to provide for emotional distress damages in *Dawson* in 2004—ten years after Congress enacted the relevant text in Section 106(a)—Section 362(k) has always permitted recovery of damages for emotional distress. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994) ("A judicial construction of a statute is an authoritative statement

of what the statute meant before as well as after the decision of the case giving rise to that construction.").

For these reasons, we decline to adopt the First Circuit's temporal approach and rest our interpretation of Section 106(a) on the statute's plain text.[4]

## IV.

In sum, sovereign immunity does not preclude an award of emotional distress damages against the United States for willful violation of the Bankruptcy Code's automatic stay. The district court erred in ordering the bankruptcy court to dismiss the Hunsakers' complaint on sovereign immunity grounds. Accordingly, we reverse the district court's judgment, and we remand to the district court with instructions to consider the government's challenge to the merits of the Hunsakers' claims. *See, e.g.*, *Mastro v. Rigby*, 764 F.3d 1090, 1097 (9th Cir. 2014) ("When a district court improperly dismisses a bankruptcy appeal without reaching the merits, we generally reverse the district court's dismissal and remand for the district court's consideration of the appeal in the first instance.").

**REVERSED AND REMANDED.**

---

[4] We note that, even under a temporal approach, some bankruptcy courts had awarded emotional distress damages for willful violations of the automatic stay before the enactment of Section 106(a) in 1994. *See Brower Oil Co. v. Brannen (In re Brannen)*, Ch. 7 Case No. 89-60229, Adv. No. 89-6011, 1990 WL 10007473, at *4 (Bankr. S.D. Ga. June 27, 1990); *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 905 (Bankr. E.D. Pa. 1987); *Mercer v. D.E.F., Inc. (In re Mercer)*, 48 B.R. 562, 565 (Bankr. D. Minn. 1985).