In re FRANKLIN SAVINGS
CORPORATION,
Debtor.

Franklin Savings Corporation and
Franklin Savings Association,
Plaintiffs,

v.

United States of America and the Federal Deposit Insurance Corporation, as successor in interest to the Resolution Trust Corporation, Defendants.

Bankruptcy No. 91–41518–11.
Adversary No. 00–6029.

United States Bankruptcy Court,
D. Kansas.

Nov. 22, 2002.

---

R. Pete Smith and Jonathan A. Margolies of McDowell, Rice, Smith & Gaar, Kansas City, Missouri, for Plaintiffs.

Jeffrey L. Karlin, Trial Attorney, Torts Branch, Civil Division, U.S. Dept. of Justice, Manchester, NH, Jeffrey Axelrad, Director, Torts Branch, Jackie N. Williams, United States Attorney, Wichita, KS, David W. Ogden, Acting Assistant Attorney General, Washington, DC, for Defendants.

*MEMORANDUM AND ORDER* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

In 1993, Franklin Savings Corporation ("FSC") and Franklin Savings Association ("FSA") filed an adversary complaint against the Resolution Trust Corporation ("RTC"), alleging that the RTC violated mandatory procedures, acted with negligence and breached its fiduciary duty, engaged in "non-governmental activity in commerce," and exceeded its statutory authority under the Administrative Procedure Act. In 1997, the district court dismissed all claims for lack of subject matter jurisdiction. Plaintiffs now have filed another adversary complaint, alleging identical counts and adding three others, but asserting a new jurisdictional basis under 11 U.S.C. § 106. Defendants have filed a motion to dismiss plaintiffs' complaint, and this court sustains defendants' motion on the basis of res judicata.

I. *Procedural and Factual Background*

The court need not provide an exhaustive recounting of the facts culminating in this lawsuit. The history of the Franklin Savings litigation involving the conservation and liquidation of Franklin Savings Association is detailed in several prior decisions.[2] This court has culled the following summary of the litigation from *Franklin Savings Corp. v. United States*,[3] which this court paraphrases as follows:

A. Past Litigation

In 1990, the Director of the Office of Thrift Supervision ("OTS") determined that FSA was "in an unsafe and unsound condition to transact business" and appointed the RTC as its conservator. FSA and its parent, FSC, filed suit under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 to remove the conservator. While the district court held the appointment arbitrary and capricious, the Tenth Circuit reversed, holding that review of the decision to appoint a conservator is limited to the administrative record and that the record supported the decision.[4]

In 1992, after the first suit had been dismissed, the OTS changed the RTC's

---

1. Plaintiffs appear by their attorneys, R. Pete Smith and Jonathan A. Margolies of McDowell, Rice, Smith & Gaar, Kansas City, Missouri. Defendants appear by their attorneys, Jeffrey L. Karlin, Trial Attorney, Torts Branch, Civil Division, U.S. Dept. of Justice; Jeffrey Axelrad, Director, Torts Branch; Jackie N. Williams, United States Attorney; and David W. Ogden, Acting Assistant Attorney General.

2. *See Franklin Sav. Ass'n v. Office of Thrift Supervision*, 742 F.Supp. 1089 (D.Kan.1990), *rev'd*, 934 F.2d 1127 (10th Cir.1991)[*Franklin I*], *cert. denied*, 503 U.S. 937, 112 S.Ct. 1475, 117 L.Ed.2d 619 (1992); *Franklin Sav. Ass'n v. Office of Thrift Supervision*, 821 F.Supp. 1414 (D.Kan.1993), *aff'd*, 35 F.3d 1466 (10th Cir.1994)[*Franklin II*]; *Franklin Sav. Corp. v. United States*, 970 F.Supp. 855 (D.Kan.1997), *aff'd* 180 F.3d 1124 (10th Cir.1999)[*Franklin III*], *cert. denied*, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999).

3. 180 F.3d 1124, 1127 (10th Cir.1999).

4. *See Franklin I*, 742 F.Supp. at 1126, *rev'd*, 934 F.2d at 1149.

role from conservator to receiver.[5] FSA and FSC again sued. In 1994, the Tenth Circuit affirmed the dismissal of that suit on the ground that the decision to appoint a receiver is not subject to judicial review.[6]

Meanwhile, in 1993, plaintiffs filed an adversary complaint against the RTC in bankruptcy court.[7] That complaint sought damages under the Federal Tort Claims Act ("FTCA") based on the RTC's acts as conservator.[8] The district court withdrew the reference from the bankruptcy court, and plaintiffs amended their complaint to name the Federal Deposit Insurance Corporation, the RTC's successor-in-interest.[9]

In Count I of that complaint, plaintiffs asserted under the FTCA that the RTC violated numerous mandatory procedures set out in its regulatory manuals and policy directives. In that Count, plaintiffs also alleged negligence and breach of fiduciary duty by the RTC "in failing to carry on the business of FSA, in failing to act to protect the assets and economic viability of FSA, and in violating specific mandatory rules and regulations."

In Count II, plaintiffs alleged that the RTC engaged in "non-governmental activity in commerce" and consequently ceased to exercise discretion of the sort protected by the FTCA.

In Count III, plaintiffs alleged under the Administrative Procedure Act that the RTC exceeded its statutory authority in seizing control of FSA and in acting as FSA's conservator. Plaintiffs also asserted common-law tort claims against the FDIC.

The government moved to dismiss all claims for lack of subject matter jurisdiction. The district court granted the government's motion, and plaintiffs appealed to the Tenth Circuit. The Tenth Circuit affirmed the dismissal of all claims for lack of subject matter jurisdiction. Plaintiffs' efforts to seek review of these court rulings were rejected by the United States Supreme Court.[10]

### B. Present Complaint

Plaintiffs have now filed this adversary complaint, which is virtually identical to their second amended complaint filed in *Franklin III* with respect to the actual parties, allegations, and legal claims. The same plaintiffs have filed suit—FSA and FSC. The same defendants have been named, the United States and the FDIC as successor-in-interest to the RTC. The factual allegations are exactly the same, restated from the second amended complaint in *Franklin III* virtually verbatim. Each of the claims the district court dismissed in the prior action are restated in the instant complaint, also *verbatim* (Counts I—III). Plaintiffs have broken out into two separate counts (Counts IV and V) allegations of negligence and breach of fiduciary duty that were subsumed within Count I of the prior action. In Count VI, plaintiffs allege violation of K.S.A. § 17–5812. As in the prior action, the plaintiffs seek money damages in the amount of $820 million.

In the matter presently before this court, plaintiffs assert a different jurisdictional basis. In the prior action (*Franklin III*), plaintiffs asserted that jurisdiction arose "under 28 U.S.C. § 1346(b) as this is

---

**5.** *See* 57 Fed.Reg. 41,969 (1992).

**6.** *See Franklin II*, 821 F.Supp. at 1418–24, *aff'd*, 35 F.3d at 1469–71.

**7.** *See Franklin*, 970 F.Supp. at 860.

**8.** *Id.*

**9.** *Id.*

**10.** *See Franklin III*, 180 F.3d 1124, 1129 (10th Cir.), *cert. denied*, 528 U.S. 964, 120 S.Ct. 398, 145 L.Ed.2d 310 (1999).

an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*"[11] Plaintiffs also asserted the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, as a jurisdictional basis. In this present complaint, plaintiffs rely solely on 11 U.S.C. § 106 for subject matter jurisdiction and contend that it provides an independent waiver of sovereign immunity with respect to the claims alleged.

## II. *Rule 12(b)(6) Standards*

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief[12] or when an issue of law is dispositive.[13] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations,[14] and all reasonable inferences from those facts are viewed in favor of the plaintiff.[15] The issue in resolving a motion such as this is not whether the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support the claims.[16]

## III. *Discussion*

■ Defendants move for dismissal of plaintiffs' complaint on the basis that plaintiffs' claims are barred by the doctrine of res judicata. Res judicata, or claim preclusion, precludes a party from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits.[17] To apply the doctrine of res judicata, three elements must exist: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; and (3) there must be an identity of the cause of action in both suits.[18]

■ The Tenth Circuit has adopted the transactional approach of the *Restatement (Second) of Judgments* in determining what constitutes "identity" of the causes of action.[19] This approach provides that a claim arising out of the same "transaction, or series of connected transactions"

11. Second amended complaint filed December 2, 1996, in Case No. 95–2100–GTV, Doc. # 56, at 3.

12. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir.1998).

13. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

14. *Maher,* 144 F.3d at 1304.

15. *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.), *cert. denied,* 525 U.S. 881, 119 S.Ct. 188, 142 L.Ed.2d 154 (1998).

16. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

17. *Mitchell v. City of Moore,* 218 F.3d 1190, 1202 (10th Cir.2000)(quoting *Clark v. Haas Group, Inc.,* 953 F.2d 1235, 1238 (10th Cir.),

*cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 58 (1992)).

18. *Id.* (citing *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir.1999)). The Tenth Circuit, on occasion, has made reference to a fourth element—that the plaintiff has had a full and fair opportunity to litigate the claim in the prior suit. *See Nwosun v. General Mills Restaurants, Inc.,* 124 F.3d 1255, 1257 (10th Cir.1997), *cert. denied,* 523 U.S. 1064, 118 S.Ct. 1396, 140 L.Ed.2d 654 (1998). Recently, however, the Circuit has reiterated that the three requirements set forth above are "all that are necessary for a principled application of the doctrine of claim preclusion." *See Yapp,* 186 F.3d at 1226–27 n. 4. Thus, the absence of a full and fair opportunity to litigate should be treated as an exception to the application of claim preclusion when the referenced requirements are otherwise present. *Id.*

19. *See Mitchell,* 218 F.3d at 1202.

as a previous suit, which concluded in a valid and final judgment, will be precluded.[20] What constitutes the same transaction or a series of connected transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." [21]

■ This court has compared the claims raised in the second amended complaint in *Franklin III* to those claims asserted in the present action and concludes that all three prongs of the claims preclusion analysis have been met. First, the prior suit ended with a judgment on the merits. Plaintiffs attempt to dispute this conclusion by arguing that "the essence of [the trial court's] finding [in *Franklin III*] is a lack of subject matter jurisdiction over the tort claims asserted," and thus, the prior case was not decided on the merits. Plaintiffs, however, concede that the prior action was dismissed on the basis of Rule 12(b)(6) for failure to state a claim. Indeed, the district court in *Franklin III* stated in its ruling that it was "required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case." [22] The district court in *Franklin III* applied this principle to plaintiffs' prior action, explain-

ing that its decision was fully on the merits:

> In the instant action, defendants contend that explicit provisions contained in the APA and FTCA preclude the court from entertaining plaintiffs' claims. Because plaintiffs predicate their suit on these two statutes, the jurisdictional question before the court is intertwined with the merits of the case. The court, therefore, will analyze defendants' motion pursuant to Rule 12(b)(6).[23]

The Tenth Circuit in *Franklin III* specifically considered and upheld the district court's analysis. Noting that the government had moved to dismiss the prior action under both Rules 12(b)(1) and 12(b)(6), it agreed with the district court that a motion to dismiss for lack of subject matter jurisdiction must be converted into a motion to dismiss for failure to state a claim or summary judgment "if the jurisdictional question is intertwined with the merits of the case." [24] The Tenth Circuit in *Franklin III* decided that the issue of whether the Federal Tort Claims Act's discretionary function exception applies was "such a [merits-based] question." [25]

■ Thus, plaintiffs' contention that the government's motion to dismiss in *Franklin III* was "in essence" decided on the basis of a lack of subject matter jurisdiction, and was not on the merits, does not accurately reflect the record. The district court in *Franklin III* dismissed the suit on the basis of Rule 12(b)(6) and thus the court's decision was entirely on the merits.

**20.** *Id.* (*citing Yapp*, 186 F.3d at 1227 (quoting *Restatement (Second) of Judgments* § 24 (1982))).

**21.** *Id.* (*citing Yapp* at 1227 (quoting *Restatement* § 24)).

**22.** *Franklin*, 970 F.Supp. at 860 (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995)).

**23.** *Id.* at 860–61.

**24.** *Franklin III*, 180 F.3d at 1129 (quoting *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir.1997)).

**25.** *Id.*

"The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' " [26] This rule applies equally to adversary proceedings in bankruptcy cases. [27]

This court finds that the second prong—identity of the parties—is also met. In the prior suit, FSC and FSA sued the United States and the FDIC, successor-in-interest to the RTC. These identical plaintiffs have sued the same defendants in the instant case. Thus, the parties are identical.

■ As to the third prong—identity of the cause of action in both suits—this court finds this element is met as well. In comparing the second amended complaint of the prior case (*Franklin III*) with the complaint filed in the instant case, this court observes that the causes of action and allegations asserted in Counts I through III of the complaint at issue in this case are identical, word-for-word, to Counts I through III in the second amended complaint of *Franklin III*.

Although the present complaint attempts to assert two new causes of action in Counts IV and V, this court finds that those assertions are in fact simply allegations that were previously subsumed within Count I of the second amended complaint in *Franklin III*. Count IV asserts a claim of negligence and generally alleges that the RTC owed a duty under Kansas law to FSA and its stockholders to exercise reasonable care in the management and operation of FSA. It further alleges that the "RTC breached its *duty of care* in failing to operate and conduct the business of FSA in a prudent manner." [28]  Count V asserts a breach of fiduciary duty claim, stating "RTC, as director and officer of FSA, *breached its fiduciary duty* to FSA and its stockholders, including FSC." [29] In Count I of the prior complaint (and indeed Count I of the instant complaint), plaintiffs allege that the RTC acted with "*negligence and breach[ed] [its] fiduciary duty* in failing to carry on the business of FSA, [and] in failing to act to protect the assets and economic viability of FSA ...." [30] Counts IV and V simply reallege assertions from Count I that are now broken out into separate causes of action. Thus, these claims were essentially raised by the parties and ruled upon by Judge VanBebber in the district court decision in *Franklin III*.

Furthermore, under the transactional approach of the *Restatement (Second) of Judgments* followed in this circuit, this court finds that the claims raised in Counts IV and V share an identity with the claims raised in Count I of the prior suit. The claims arise "out of the same 'transaction, or series of connected transactions' " [31] as the previous suit. The facts

26. *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399, n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). *See also Mark Smith Constr. Co. v. United States*, 15 Cl.Ct. 32, 37, n. 8 (Cl.Ct.1988)(where the 12(b)(6) treatment results from the merits and jurisdictional issues being intertwined, the resulting dismissal will have full res judicata effects).

27. *See, e.g., Wade v. Hopper*, 993 F.2d 1246, 1251–52 (7th Cir.) *cert. denied*, 510 U.S. 868, 114 S.Ct. 193, 126 L.Ed.2d 151 (1993)(dismissal of an adversary proceeding in bankruptcy for failure to state a claim was "a final adjudication on the merits" that precluded a second action on the same claim).

28. Adversary Case No. 00–6029, Complaint filed February 8, 2000 (Doc. # 1), at ¶ 52, p. 32 (emphasis added).

29. *Id.* at ¶ 56, p. 33 (emphasis added).

30. Civil Action No. 95–2100–GTV, Second Amended Complaint filed December 2, 1996, at ¶ 42, p. 26 (emphasis added).

31. *Yapp*, 186 F.3d at 1227 (quoting *Restatement (Second) of Judgments* § 24 (1982)).

are related "in time, space, and origin." [32] Likewise, the claim raised in Count VI (violation of K.S.A. § 17–5812, alleging that the RTC, acting as a director and officer of FSA, engaged in "unauthorized and ultra vires" acts) shares an identity with the claims raised in the previous suit inasmuch as the allegations in Count VI also arise out of the same transaction or series of transactions as the previous suit.

■ Finally, to the extent Counts IV, V, and VI may present new claims, claim preclusion prevents the parties "from relitigating issues that were *or could have been raised* in" [33] an earlier action. Plaintiffs have provided the court with no convincing argument as to why these "new claims" could not have been raised in the previous suit.[34]

Plaintiffs attempt to evade the res judicata bar by arguing that 11 U.S.C. § 106(b) constitutes a separate waiver of sovereign immunity, apart from the Federal Tort Claims Act. Thus, they contend, the discretionary function exception of the FTCA does not apply to bar their claims. Plaintiffs broadly allege that "neither the FTCA nor the usual limitations associated with the assertion of tort claims against the government apply in a bankruptcy context." [35] The defendants, on the other hand, maintain that § 106 does not expose governments to causes of action from which they would be immune in a nonbankruptcy context. This court therefore must resolve the apparent conflict between waiver of sovereign immunity under § 106(b) and the FTCA's waiver provisions.

■ Defendants argue that plaintiffs' interpretation is contrary to the explicit language of § 106 itself, its legislative history, and the case law interpreting it. This court agrees. Bankruptcy Code § 106, part of the Bankruptcy Reform Act of 1978 (Pub.L. No. 95–598), provides a limited waiver of sovereign immunity in certain bankruptcy proceedings. The 1994 amendments to § 106, Pub.L. No. 103–394, Title I, § 113, 108 Stat. 4117 (1994), made clear that § 106 creates no claim or cause of action. Subsection 106(a)(5) was added, providing that:

*Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing* under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.[36]

Thus, while §§ 106(b) and (c) waive sovereign immunity for counterclaims against the United States, any substantive rights asserted therein must have some independent legal basis.[37] Accordingly, because plaintiffs' complaint sounds in tort, it is subject to the substantive requirements of the Federal Tort Claims Act, which provides the exclusive remedy for tort claims

---

**32.** *Id.* (quoting *Restatement (Second) of Judgments* § 24 (1982)).

**33.** *Mitchell,* 218 F.3d at 1202 (quoting *Clark v. Haas Group, Inc.,* 953 F.2d at 1238).

**34.** Similarly, this court finds that plaintiffs have provided the court with no convincing argument as to why their § 106 jurisdictional theory, *infra,* could not have been raised in the previous suit. Res judicata bars the parties from relitigating issues that were or could have been raised in a previous action, even if the subsequent action is based upon different legal theories.

**35.** Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss filed May 1, 2000 (Doc. # 13) at 9.

**36.** 11 U.S.C. § 106(a)(5)(emphasis added).

**37.** *Hardy v. United States,* 97 F.3d 1384, 1388 (11th Cir.1996); *Thomas v. Resolution Trust Corp. (In re Thomas),* 184 B.R. 237, 242 (Bankr.M.D.N.C.1995).

against the United States under nonbankruptcy law, 28 U.S.C. § 2679.

The legislative history also supports the conclusion that a party should not be permitted to pursue a tort claim in bankruptcy that the party would be unable to pursue outside of bankruptcy:

> Section 106 provides for a limited waiver of sovereign immunity in bankruptcy cases. Though Congress has the power to waive sovereign immunity for the Federal government completely in bankruptcy cases, *the policy followed here is designed to achieve approximately the same result that would prevail outside of bankruptcy.*[38]

Additionally, the legislative history confirms that already established boundaries of sovereign immunity would not be affected by the passage of Section 106:

> This section does not confer sovereign immunity on any governmental unit that does not already have immunity. It simply recognizes any immunity that exists and prescribes the proper treatment of claims by and against that sovereign.[39]

Plaintiffs cite the cases of *Anderson v. Federal Deposit Insurance Corporation*[40] and *Ashbrook v. Block*[41] for the proposition that because they are proceeding under the waiver contained in § 106, none of the substantive limitations on liability contained within the FTCA apply. These cases, however, merely dealt with the procedural issue of whether the FTCA's administrative claim process had to be complied with prior to raising tort counterclaims under § 106.[42] Moreover, the court in *Ashbrook* recognized that substantive limitations on the United States' liability outside of bankruptcy would still apply to counterclaims under § 106. Even though plaintiffs in *Ashbrook* asserted counterclaims within the waiver of § 106, the court nonetheless dismissed their "Bivens" action against the United States on the grounds that it was barred by sovereign immunity.[43]

Thus, *Ashbrook* demonstrates the need to follow a two-step inquiry under § 106. First, it must be determined whether the requirements of § 106 are met so as to allow the bringing of whatever claims the estate may have arising out of the same transaction. Second, because § 106 does not create any cause of action, the definitions and limitations on the substantive cause of action existing outside of bankruptcy law must be identified and applied.

This result, that § 106 dispenses with procedural but not substantive limitations on federal liability, is fully consistent with, and indeed fulfills, the principle set forth in the cases cited by plaintiffs that courts are to "harmonize" the general waiver of immunity contained in § 106 with more specific waivers such as the FTCA.[44]

Indeed, this is the precise result reached by the district court in *TPI International Airways, Incorporated v. Federal Aviation Administration.*[45] Applying *Anderson* and *Ashbrook*, the court in *TPI Interna-*

---

**38.** Sen. Rep. 95–989, 95th Cong., 2d Sess. reprinted in 1978 U.S.Code Cong. and Adm. News 5787, 5815 (emphasis added).

**39.** *Id.* at 5816.

**40.** 918 F.2d 1139, 1143 (4th Cir.1990).

**41.** 917 F.2d 918 (6th Cir.1990).

**42.** *See, e.g., Ashbrook,* 917 F.2d at 922.

**43.** *Id.* at 924.

**44.** *Anderson,* 918 F.2d at 1143 ("court should, if possible, construe statutes harmoniously"); *Ashbrook,* 917 F.2d at 922 (discussing the "task of harmonizing" the two statutes).

**45.** No. CV292–230 (S.D.Ga. Dec. 12, 1992).

*tional Airways* held that, in order to harmonize the FTCA and the Bankruptcy Code, the procedural provisions of § 2675(a) of the FTCA would be deemed waived by the filing of a proof of claim but that the substantive provisions of the FTCA, including the discretionary function exception, still applied to claims relying on the waiver of immunity contained in § 106.[46]

This court wholly concurs with the reasoning and analysis of the district court in *TPI International Airways*. Applying that analysis to the claims before this court, the court finds that the FTCA is applicable and that any waiver of sovereign immunity under § 106(b)[47] does not supercede the FTCA.

■■■ This court observes that plaintiffs' overly-broad interpretation of § 106 would also be inconsistent with the well-settled principle that the FTCA is the exclusive means by which a party may sue the United States for money damages for claims sounding in tort. The FTCA itself provides that "[t]he remedy against the United States ... *is exclusive of any other civil action or proceeding* for money damages ...." 28 U.S.C. § 2679(b)(1). The courts have also consistently held that affirmative tort claims against the federal government must be brought under the FTCA.[48]

Under plaintiffs' conception of how § 106 functions, there would be concurrent yet substantially different methods for suing the United States for money damages for causes of action sounding in tort: 1) the FTCA, for claims brought in district court, with all the prerequisites and limitations applied in full, and 2) § 106 tort claims, with none of the FTCA's limitations and requirements. Such a result undermines Congress' intention, set forth in § 2679(b), to make the FTCA the *exclusive* means by which the United States is subjected to liability for claims sounding in tort.

In sum, given the fact that Congress intended only a limited change in passing the Bankruptcy Act of 1978 and sought to prevent claims brought under § 106 from being treated differently from claims brought outside the bankruptcy context, the result advocated by plaintiffs is unwarranted. Thus, this court declines plaintiffs' invitation to adopt their theory that § 106 has created an entirely new mechanism for filing suit for affirmative money damages against the United States with none of the limitations that Congress established for filing such suits under the FTCA.

---

**46.** *TPI Int'l Airways*, No. CV292–230, at 10–12. (In 1994, § 106(a) was redesignated as § 106(b). Therefore, references to § 106(a) in *TPI Int'l Airways*, decided in 1992, refer to what is now § 106(b).)

**47.** This court need not decide whether the three conditions under § 106(b) are met—(1) whether the estate has a claim against the governmental unit and the governmental unit has a claim against the estate; (2) whether the claim against the governmental unit is property of the estate; and (3) whether the claims of each must arise out of the same transaction or occurrence. This is because even assuming all three criteria are met, plaintiffs still need to meet the substantive requirements of the FTCA. Plaintiffs are unable to meet the substantive requirements of the FTCA because this court has determined, *supra* at 525, that res judicata applies and that the district court in the prior action ruled the discretionary function exception applies to bar plaintiffs' claims.

**48.** *Franklin Savings Corp.*, 180 F.3d at 1142 ("Thus, if a suit is 'cognizable' under [28 U.S.C.] § 1346(b) of the FTCA, the FTCA remedy is 'exclusive ....' ")(quoting *FDIC v. Meyer*, 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)); *Ascot Dinner Theatre, Ltd. v. SBA*, 887 F.2d 1024, 1027 (10th Cir. 1989)(same).

In light of the foregoing, this court need not address defendants' various other grounds advanced in support of their motion to dismiss.

IT IS THEREFORE ORDERED that the defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. # 6) is hereby granted.