**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

In re:

FRANKLIN SAVINGS
CORPORATION,

     Debtor.

FRANKLIN SAVINGS
CORPORATION; FRANKLIN
SAVINGS ASSOCIATION,

     Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
FEDERAL DEPOSIT INSURANCE
CORPORATION,

     Defendants-Appellees.

No. 03-3239

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### (D.C. No. 03-CV-2040-JWL)

Submitted on the briefs:

Jonathan A. Margolies of McDowell, Rice, Smith & Buchanan, Kansas City,
Missouri, for Plaintiffs-Appellants.

Peter D. Keisler, Assistant Attorney General, Eric F. Melgren, United States Attorney, and Christopher Allman, Assistant United States Attorney, Kansas City, Kansas, and Mark B. Stern and Dana J. Martin, Attorneys, Appellate Staff, Civil Division, United States Department of Justice, Washington, D.C., for Defendants-Appellees.

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,[*] Chief District Judge.

---

**MURPHY** , Circuit Judge.

---

Franklin Savings Association (FSA), formerly a state chartered savings and loan association, and its parent, debtor Franklin Savings Corporation (FSC), a Kansas corporation, (collectively, Franklin), appeal the dismissal of their adversary complaint against the United States and the Federal Deposit Insurance Corporation (FDIC). This is the latest in a long string of lawsuits Franklin has brought against the government asserting claims in connection with the government's seizure, conservation and liquidation of FSA by the Resolution Trust Corporation (RTC) and its successor-in-interest, the FDIC.[1] The

---

[*]    The Honorable Robin J. Cauthron, Chief District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

[1]    *See Franklin Sav. Ass'n v. Dir., Office of Thrift Supervision* , 934 F.2d 1127 (10th Cir. 1991) (holding that administrative record supported decision by Office of Thrift Supervision (OTS) to appoint RTC as FSA's conservator) [ *Franklin I* ]; *Franklin Sav. Ass'n v. Office of Thrift Supervision* , 35 F.3d 1466 (10th Cir. 1994)
(continued...)

bankruptcy court granted the government's motion to dismiss, finding the claims were barred by the doctrine of claim preclusion. The district court affirmed. We conclude Franklin's claims are time-barred and, therefore, affirm the dismissal.[2]

## I. BACKGROUND

The complete history of Franklin's litigation against the government is set forth in numerous published opinions, *see* n.1, *supra*, and we briefly describe only the factual background necessary to resolve this appeal. The RTC was appointed conservator of FSA in 1990. The RTC's function was converted from conservator to receiver in 1992, and the RTC liquidated FSA. The FSC,

---

[1](...continued)
(holding OTS's decision to change the RTC's function from conservator to receiver was not subject to judicial review) [ *Franklin II* ]; *Franklin Sav. Corp. v. United States*, 180 F.3d 1124 (10th Cir. 1999) (holding that Franklin's negligence and breach of fiduciary duty claims against the RTC and the FDIC were barred by the discretionary function exception to the Federal Tort Claims Act) [ *Franklin III*].

FSC also filed suit in the Court of Federal Claims, "essentially reiterating the same facts previously litigated in *Franklin I, II, III* , . . . this time asserting an action under the Tucker Act, 28 U.S.C. § 1491 (2000), for breach of contract, breach of fiduciary duty, and a taking under the Fifth Amendment to the United States Constitution." *Franklin Sav. Corp. v. United States,* 56 Fed. Cl. 720, 722 (Fed. Cl. 2003), *aff'd*, 97 Fed. Appx. 331 (Fed. Cir. May 11, 2004). These claims were also dismissed. *Id.*; *Franklin Sav. Corp. v. United States,* 46 Fed. Cl. 533 (Fed. Cl. 2000) (dismissing the taking claim).

[2]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

which owns 94% of FSA's stock, then filed for Chapter 11 bankruptcy protection.

A. *The Franklin III Litigation*

In 1993, Franklin filed an adversary complaint against the RTC in bankruptcy court seeking damages under the Federal Tort Claims Act (FTCA) for negligence, breach of fiduciary duty, and conversion by the RTC while acting as conservator of FSA. *See Franklin III*, 180 F.3d at 1127; *Franklin Sav. Corp. v. United States*, 970 F. Supp. 855, 860 (D. Kan. 1997). Franklin claimed that the RTC, while acting as a conservator, negligently failed to protect the assets and economic viability of FSA, in violation of certain directives and in breach of its fiduciary duty. *See Franklin III,* 180 F.3d at 1131. The district court withdrew the reference from the bankruptcy court, and Franklin amended its complaint to name the FDIC as the RTC's successor-in-interest. *Id*. at 1127.

The government moved to dismiss all claims for lack of subject matter jurisdiction, asserting the discretionary function exception to the FTCA's waiver of sovereign immunity applied.[3] Because resolution of the jurisdictional issue of

_____

[3] The United States may not be sued absent a waiver of its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of governmental employees while acting in the scope of their employment. 28 U.S.C. § 1346(b)(1). The United States can be held liable "in the same manner and to the same extent as a private individual

(continued...)

-4-

whether the discretionary function exception applied was so intertwined with the merits of the case, the district court treated the government's motion to dismiss as one for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 1129. The district court granted the motion to dismiss.

On appeal to this court, Franklin argued for the first time that the government had waived its discretionary-function immunity under Bankruptcy Code § 106, 11 U.S.C. § 106, when it filed a claim in bankruptcy against FSC's estate. *Franklin III,* 180 F.3d at 1129. This court held that Franklin had waived reliance on Bankruptcy Code § 106 by failing to assert that jurisdictional basis in its complaint, seeking leave to amend its complaint to do so, or in any way raising it in the district court. *Id*. at 1128-29.

This court affirmed the dismissal of Franklin's claims, holding that they were barred by the discretionary function exception because all of Franklin's allegations against the government involved discretionary conduct. *Id*. at 1133-39. The Supreme Court denied Franklin's petition for certiorari review. *Franklin Sav. Corp. v. United States*, 528 U.S. 964 (1999).

---

[3](...continued)
under like circumstances." *Id*. § 2674. Excluded from the FTCA's waiver of immunity, however, are claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty" by a federal agency or a federal employee. *Id*. § 2680(a).

B. *The Franklin IV Complaint*

1. *Franklin Refiles Franklin III*

Three months after the Supreme Court denied review of *Franklin III*, Franklin filed another adversary complaint, *Franklin IV*. The new complaint, at issue herein, "is virtually identical to [the] complaint filed in *Franklin III* with respect to the actual parties, allegations, and legal claims." *Franklin Sav. Corp. v. United States* (*In re Franklin Sav. Corp.*), 296 B.R. 521, 524 (Bankr. D. Kan. 2002) (comparing claims in *Franklin IV* with those in *Franklin III*).

> The same plaintiffs have filed suit – FSA and FSC. The same defendants have been named, the United States and the FDIC as successor-in-interest to the RTC. The factual allegations are exactly the same, restated from the second amended complaint in *Franklin III* virtually verbatim. Each of the claims the district court dismissed in the prior action are restated in the instant complaint, also *verbatim. . . .* As in the prior action, the plaintiffs seek money damages in the amount of $820 million.

*Id.*

Franklin does not dispute the bankruptcy court's characterization of the two suits. Indeed, its position is that it has simply refiled its *Franklin III* action in *Franklin IV*, and it concedes that all of the causes of action in both *Franklin III* and *Franklin IV* sound in tort. *See* Aplt. Opening Br. at 10, 30; Aplt. App. at 178.

-6-

## 2. *Franklin Bases Franklin IV on Bankruptcy Code § 106*

*Franklin IV* does, however, posit a new legal basis for Franklin's contention that the government has waived sovereign immunity: Bankruptcy Code § 106(b) and (c), the theory we deemed waived in *Franklin III*. Franklin asserts that Bankruptcy Code § 106 constitutes a complete waiver of sovereign immunity separate and apart from the FTCA's waiver of immunity, and that this waiver permits tort claims against the United States which would otherwise not be permitted under the discretionary function exception of FTCA § 2680(a).

Bankruptcy Code § 106, as amended in 1994, provides a waiver of sovereign immunity when the government files a proof of claim against a debtor in a bankruptcy proceeding. Section 106(b) waives sovereign immunity with respect to counterclaims of the debtor's estate "that arose out of the same transaction or occurrence" as the proof of claim. 11 U.S.C. § 106(b). [4] Section 106(c) waives sovereign immunity with respect to counterclaims of the debtor's estate that did not arise out of the same transaction or occurrence as the proof of claim, but only to the extent that the claims offset the government's claim.

---

[4] Section 106(b) states that "[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose."

*Id*. § 106(c). [5]  The government does not dispute that it filed proofs of claim in FSC's bankruptcy proceeding or that the conditions of § 106(b) and (c) are met.

### 3. *The Bankruptcy Court Dismisses Franklin IV under the Doctrine of Claim Preclusion*

The bankruptcy court granted the government's motion to dismiss on the basis of res judicata, or claim preclusion.  *In re Franklin Sav. Corp*., 296 B.R. at 523, 531.  It ruled that Franklin was relitigating the same claims against the same parties as in *Franklin III*, and that all of the claims in *Franklin IV* had been raised, or could have been raised, in *Franklin III*. *Id*. at 527-28.  The bankruptcy court rejected Franklin's argument that it could reassert its claims because the claims in *Franklin III* had not been decided on the merits, but had been dismissed for lack of jurisdiction.  *Id*. at 526-27.  The court also ruled that Bankruptcy Code § 106's waiver of sovereign immunity did not abrogate the discretionary function exception to the FTCA.  *Id*. at 528-29.  The district court affirmed, and this appeal followed.

### II.  ANALYSIS

Franklin argues on appeal that *Franklin III* was dismissed for lack of jurisdiction, rather than on the merits, and, therefore, the doctrine of claim

---

[5]  Section 106(c) states that "[n]otwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate."

preclusion does not bar the reassertion of its claims. We do not reach this issue, however, because it is clear that all of the claims in *Franklin IV* are time-barred. Even if *Franklin III* was dismissed without prejudice, the "dismissal of an earlier suit . . . without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations." *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (same, applying 28 U.S.C. § 2401(b)).

Moreover, as we explain below, the statute of limitations issue is jurisdictional in this case, and must be decided before the claim preclusion issue.[6] Jurisdictional issues must be addressed first and, if they are resolved against jurisdiction, the case is at an end. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In contrast, "[r]es judicata is *not* a jurisdictional bar; it is an affirmative defense," and, thus, would not defeat subject matter jurisdiction of

---

[6] "[T]his court is under a continuing obligation to examine both its own jurisdiction and the jurisdiction of the district court. . . ." *Local 514 Transport Workers Union of Am. v. Keating*, 358 F.3d 743, 749 n.6 (10th Cir. 2004). "The determination of the district court's subject matter jurisdiction is a question of law. . . ." *Salt Lake Tribune Publ'g Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1095 (10th Cir. 2003). Therefore, we may affirm the district court's dismissal order if we independently determine that the district court lacked subject matter jurisdiction. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (noting that this court is "free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law") (quotation omitted).

this or the district court. *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002).

A. *The FTCA and its Time Limitations Govern Franklin's Claims*

1. *The Exclusive Avenue for Franklin's Claim is the FTCA*

We must begin our analysis by making clear what Franklin does not acknowledge: its claims are governed by the FTCA, which provides the exclusive avenue to assert a claim sounding in tort against the United States. 28 U.S.C.A. § 2679(a) (providing that the FTCA remedy is "exclusive" for all "claims which are cognizable under section 1346(b)"). Franklin seems to argue that it is bringing its claims under Bankruptcy Code § 106. By its express terms, however, Bankruptcy Code § 106 does not provide a substantive or independent basis for asserting a claim against the government. Section 106(a)(5) states: "Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." Thus, a plaintiff such as Franklin seeking to use the waiver in § 106 must demonstrate that a source outside of § 106 entitles it to the relief sought. *Hardy v. United States (In re Hardy)*, 97 F.3d 1384, 1388 (11th Cir. 1996); *see also Zayler v. United States*, 279 F. Supp. 2d 805, 814 (E.D. Tex. 2003), *appeal pending*, No. 03-41345 (5th Cir.) ("[E]ven though §§ 106(b) and

(c) waive sovereign immunity for counterclaims against the United States, any substantive rights asserted must have an independent legal basis.").

That outside source is the FTCA when, as here, the claim sounds in tort. It is clear that the FTCA provides the exclusive avenue to bring a tort claim against the United States, notwithstanding other statutes that permit the government to be sued; a rule previously explained to Franklin in *Franklin III,* 180 F.3d at 1142-43 (holding that the FTCA provides the exclusive avenue for Franklin's tort claims, which are cognizable under FTCA § 1346, notwithstanding the existence of an independent "sue and be sued" limited waiver of immunity). Although Franklin never acknowledges that the FTCA governs its claims in *Franklin IV* , it does admit that all of its claims sound in tort, that it is simply reasserting the same tort claims it asserted in *Franklin III* , and that its claims in *Franklin III* were brought under the FTCA. *See* Aplt. Opening Br. at 5-6, 10; Aplt. App. at 178. Quite clearly then, the FTCA provides the exclusive avenue for pursuing those claims against the United States.

### 2. *Time Limitation in Section 2401(b)*

Federal law bars any tort claim against the United States unless it is presented to the appropriate federal agency within two years of the claim's accrual, and filed within six months after notice of denial of the claim by that agency. 28 U.S.C. § 2401(b) ("a tort claim against the United States shall be

forever barred unless . . . action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the [appropriate Federal] agency to which it was presented."). Section 2401(b) is the limitations period of the FTCA. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002). Here, the relevant federal agency denied the claims asserted in *Franklin IV* on August 10, 1992, eight years before the *Franklin IV* complaint was filed. Aplt. App. at 7, 38.

### 3. *The FTCA's Timeliness Requirement is Jurisdictional*

Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b). *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003).

> The doctrine of sovereign immunity precludes suit against the United States without the consent of Congress; the terms of its consent define the extent of the court's jurisdiction. The applicable statute of limitations is a term of consent. The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action.

*Sisseton-Wahpeton Sioux Tribe v. United States*, 895 F.2d 588, 592 (9th Cir. 1990).

B. *Franklin Argues Section 2401(b) Does Not Apply*

Franklin does not dispute that the statute of limitations in § 2401 expired prior to its commencement of *Franklin IV*. Rather, it argues that § 2401(b) does not apply. Aplt. Reply Br. at 16. First, it argues that a Kansas saving statute permits it to refile its otherwise untimely claims. Aplt. Opening Br. at 29-32; Aplt. App. at 178. Second, it argues that its use of Bankruptcy Code § 106's waiver of sovereign immunity abrogates any conditions on the waiver found in the FTCA, including the statute of limitations provided in § 2401(b). We find no merit in either proposition.

1. *The Kansas Saving Statute*

Franklin contends that *Franklin IV* is not time-barred because it relates back to the filing date of *Franklin III* by virtue of the Kansas saving statute, which allows an action to be refiled within six months if the original action was timely commenced and was dismissed for reasons other than on the merits. Kan. Stat. Ann. § 60-518. [7] Franklin argues on appeal that the bankruptcy court and the district court erred in rejecting application of the Kansas saving statute. These courts rejected application of section 60-518 on the basis that *Franklin III*

---

[7] Section 60-518 states: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure."

had been dismissed for failure to state a claim under Rule 12(b)(6) and, therefore, had failed on the merits. We agree that the Kansas saving statute has no application here, but for a different reason: As noted above, the FTCA is the exclusive means for Franklin to assert its tort claims against the government, and there is no legal basis for applying a state saving statute under the FTCA.

Franklin argues that claims under the FTCA rely on the substance of the forum state's tort law, here Kansas, and therefore, that Kansas' statute of limitations determines the limitation period in federal court. Aplt. Opening Br. at 30; Aplt. App. at 178. This court has previously rejected this very argument. *Pipkin v. United States Postal Serv*., 951 F.2d 272, 274-75 (10th Cir. 1991); *see also Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994). Although state law determines whether there is substantive liability under the FTCA, *see Cannon v. United States*, 338 F.3d 1183, 1192 (10th Cir. 2003), federal law defines the applicable limitations period, *Pipkin*, 951 F.2d at 274-75. "[A] court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action," but Congress has expressly stated the applicable limitation period for a tort claim brought against the United States, in § 2401(b), so reference to state law is inappropriate. *Id*. (quotation omitted). In both *Pipkin* and *Benge*, this court held that a state saving statute has no application to tort claims brought

-14-

against the United States. *Benge*, 17 F.3d at 1288 (Oklahoma saving statute); *Pipkin*, 951 F.2d at 274-75 (same). Thus, the Kansas saving statute does not apply to the claims asserted in *Franklin IV*.

## 2. *Bankruptcy Code § 106 Does not Abrogate § 2401(b)'s Timeliness Requirements*

Franklin responds that *Benge* and *Pipkin* are inapplicable because the waiver of sovereign immunity under Bankruptcy Code § 106 supercedes the more limited waiver of immunity under the FTCA. Although a condition of the waiver of immunity under the FTCA is compliance with § 2401(b) timing requirements, *Dahl*, 319 F.3d at 1228, Franklin argues that compliance with § 2401(b) is not a condition of § 106's waiver of immunity. It contends that the mere filing of a proof of claim in bankruptcy court constitutes a complete abrogation not only of any sovereign immunity defense, but also of any rights associated with the waiver of immunity, including the statute of limitations under § 2401(b). Aplt. Reply Br. at 18-19. Franklin cites the cases of *Anderson v. FDIC*, 918 F.2d 1139 (4th Cir. 1990) and *Ashbrook v. Block,* 917 F.2d 918 (6th Cir. 1990), for the proposition that none of the limitations on liability contained in § 2401(b) or in the FTCA apply when a plaintiff is proceeding under the waiver of immunity contained in § 106. Aplt. Opening Br. at 35-37; Aplt. Reply Br. at 11-14. For the following reasons, we conclude that the condition of the § 2401(b)'s limitation period

must be satisfied, notwithstanding any waiver of immunity under Bankruptcy Code § 106.

a. *Section 106 is Only a Limited Consent to be Sued in Bankruptcy Court*

Section 106 allows Franklin to file a counterclaim against the United States in bankruptcy court; it does not permit Franklin to file an untimely counterclaim. Section 106 is simply a waiver of sovereign immunity; it does not create a claim for relief, nor does it provide a separate basis for subject matter jurisdiction. *Cf. Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 671-72 (8th Cir. 1986) (holding that the sovereign's consent to be sued, standing alone, does not confer subject matter jurisdiction upon a court to hear a claim against the sovereign).

> In order for a claim against the United States to be heard, first there must be, because sovereign immunity requires it, consent to be sued; and because, with the exception of the Supreme Court, the subject matter jurisdiction of federal courts is defined by statute, there must be, second, Congressional provision of a court with the authority to hear the claim and grant relief.

*Quality Tooling, Inc. v. United States*, 47 F.3d 1569, 1575 (Fed. Cir. 1995).

The court's subject matter jurisdiction for the claims asserted in *Franklin IV* is determined and defined by the provisions of the FTCA. Federal jurisdiction under the FTCA is limited by a number of conditions, including the statute of limitations provision of § 2401(b). As previously noted, the FTCA's waiver of immunity provision, § 1346(b)(1), is subject to the condition of compliance with

§ 2401(b)'s time limitations.  *See Dahl*, 319 F.3d at 1228 (holding that court must dismiss for lack of subject matter jurisdiction if an FTCA litigant does not satisfy the timing requirement of § 2401(b).

Just as § 2401(b) limits the waiver of sovereign immunity in §§ 1346(b)(1) and 2674, it also limits the waiver in Bankruptcy Code § 106.  Section 2401(b)'s two-year limitation applies to *all* tort claims brought against the United States. Franklin presents no persuasive argument why this broadly-worded time limitation would not apply simply because the United States has consented to be sued in bankruptcy court pursuant to § 106.

b.  *Waivers of Sovereign Immunity and Conditions on that Waiver are Construed Narrowly*

In order for this court to conclude that § 106 abrogates the jurisdictional statute of limitations contained in § 2401(b), we would need to determine that Congress unequivocally expressed such a result.  "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotations omitted; alteration in original).  "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992) (quotations omitted).

"Like a waiver of immunity itself, which must be unequivocally expressed[,] [the Supreme] Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman,* 453 U.S. at 160-61 (quotations and citations omitted). Thus, in interpreting § 2401(b)'s statute of limitations provision, the Court has stated:

> Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. We should regard the plea of limitations as a meritorious defense, in itself serving a public interest.

> We should also have in mind that the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.

*United States v. Kubrick*, 444 U.S. 111, 117 (1979) (quotations and citations omitted).

Neither the language nor the legislative history of Bankruptcy Code § 106 "unequivocally express" a Congressional intent to abrogate, eliminate, or avoid any applicable statute of limitations that is integral to the cause of action asserted pursuant to § 106's waiver. Section 106 requires a plaintiff seeking to use its waiver to demonstrate that a source outside of § 106 entitles it to the relief sought, and does not evidence any intent to exempt the plaintiff from satisfying

-18-

any time-bar condition or requirement contained within that outside source. The legislative history of § 106, as evidenced by both the Senate and House Committee reports, confirms that Congress intended § 106 to provide a limited waiver of sovereign immunity to enable a debtor to recover damages only to the same extent that the debtor's claims would be cognizable outside of bankruptcy:

> Section 106 provides for a limited waiver of sovereign immunity in bankruptcy cases. Though Congress has the power to waive sovereign immunity for the Federal government completely in bankruptcy cases, the policy followed here is designed to achieve approximately *the same result* that would prevail outside of bankruptcy. . . .
>
> . . . .
>
> This section does not confer sovereign immunity on any governmental unit that does not already have immunity. It simply recognizes any immunity that exists and prescribes the proper treatment of claims by and against that sovereign.

S. REP. No. 95-989, 95th Cong., 2d Sess. at 29-30 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5815-16; H.R. REP. No. 95-595, 95th Cong., 1st Sess. at 317 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6274 (emphasis added).

### c. *Anderson and Ashbrook*

In *Anderson v. FDIC*, and *Ashbrook v. Block*, the Fourth and Sixth Circuit, respectively, held that, under Bankruptcy Code § 106, the government waives the administrative exhaustion requirement in § 2675(a) of the FTCA by simply filing a proof of claim. *Anderson*, 918 F.2d at 1143-44; *Ashbrook*, 917 F.2d at 922-23.

-19-

Bankruptcy Code § 106 "is based on equity[;] in essence, it would be unfair for a governmental unit to participate in the distributions of a bankruptcy case while at the same time shielding itself from liability." *Zayler*, 279 F. Supp. 2d at 811. The *Anderson* and *Ashbrook* courts concluded it would be inequitable to allow the government to file a proof of claim and receive a distribution from a debtor's estate, while requiring the debtor to pursue administrative remedies in order to pursue a counterclaim against the government. Franklin urges us to follow these decisions and conclude that the government also waives § 2401(b)'s statute of limitations when it files a proof of claim.

We express no opinion as to the merits of *Anderson* and *Ashbrook* with respect to their conclusion that § 106 avoids § 2675(a)'s administrative exhaustion requirement. We find, however, no similar policy or other reason of equity to support a conclusion that Congress intended § 106's waiver to eliminate the government's right to demand compliance with the statute of limitations condition contained in § 2401(b). There are fundamental differences between eliminating a requirement that a claim be first presented to an administrative agency, which is based on principles of judicial efficiency, and eliminating a requirement that a claim be filed in a timely manner:

> Statutes of limitations, which are found and approved in all systems
> of enlightened jurisprudence, represent a pervasive legislative
> judgment that it is unjust to fail to put the adversary on notice to
> defend within a specified period of time and that the right to be free

-20-

of stale claims in time comes to prevail over the right to prosecute them.

*Kubrick* , 444 U.S. at 117 (quotations and citation omitted).

It would be extraordinarily unfair to the United States if the mere filing of a proof of claim in a bankruptcy proceeding subjected it to liability for untimely claims, leaving it without recourse to the usual protections from stale claims available to it in any other, non-bankruptcy proceeding. To state such a proposition is to reject it. Moreover, the *Anderson* and *Ashbrook* decisions were decided before the 1994 amendment to § 106, which added the explicit statement in subsection 106(a)(5), that § 106 did not create any substantive claim for relief or cause of action, and that any substantive rights asserted thereunder must have an independent legal basis.

In summary, even though Franklin may avail itself of the waiver of immunity in Bankruptcy Code § 106, the FTCA remains the exclusive means by which Franklin may assert its tort claims, with the FTCA's attendant statute of limitations condition contained in § 2401(b). Congress did not unequivocally manifest an intent in Bankruptcy Code § 106 to displace § 2401. Absent such an unequivocal expression of intent, this court is not at liberty to construe § 106's waiver or § 2401(b)'s statute of limitations "beyond that which Congress intended" or to construe the limitations requirement of § 2401(b) "so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims."

*Kubrick* , 444 U.S. at 117-18.  The government has not consented to be sued once

the time period prescribed by § 2401(b) has run.  Because Franklin's claim is

untimely under § 2401(b), this court lacks subject matter jurisdiction.

The judgment of the district court is AFFIRMED.